IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**PATRICK L. SHERMAN**  **PLAINTIFF**
ADC #096304

v.  Case No. 3:25-cv-00183-KGB

**BARBARA HACKNEY,** *et al.*  **DEFENDANTS**

## ORDER

Plaintiff Patrick L. Sherman filed a *pro se* complaint on September 8, 2025 (Dkt. No. 2). Before the Court is Sherman's motion to proceed *in forma pauperis* (Dkt. No. 1).

The Prison Litigation Reform Act ("PLRA") provides that a prisoner cannot proceed *in forma pauperis* "if the prisoner has on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Prior to filing this lawsuit on September 9, 2025, Sherman filed at least three actions that were dismissed for failing to state a claim upon which relief may be granted. *See Sherman v. Rhodes, et al.*, Case No. 5:96-cv-365-LPR (E.D. Ark); *Sherman v. Correctional Medical Services*, Case No. 5:01-cv-161- JM (E.D. Ark); *Sherman v. Norris*, Case No. 5:97-cv-405-DPM (E.D. Ark.). Nevertheless, Sherman may proceed *in forma pauperis* if he falls under the "imminent danger" exception to the three strikes rule. *See* 28 U.S.C. § 1915(g) (providing that three strikers should be granted permission to proceed *in forma pauperis* if they are "under imminent danger of serious physical injury"); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (explaining that the exception applies only if the prisoner is in imminent danger "at the time of filing" and that

"[a]llegations that the prisoner has faced imminent danger in the past are insufficient."). Sherman has made no allegation that he is in imminent danger of serious physical injury.

Accordingly, this case will be dismissed due to Sherman's failure to pay the filing fee. Sherman will have 30 days to reopen this case by paying the $405.00 filing fee in full. To the extent this Court has jurisdiction over Sherman's petition for writ of mandamus (Dkt. No. 5), the Court denies the writ without prejudice, given the Court's dismissal without prejudice of Sherman's complaint.

Therefore, the Court orders the following:

1. The Court denies Sherman's motion to proceed *in forma pauperis* (Dkt. No. 1).

2. The Court dismisses without prejudice Sherman's complaint (Dkt. No. 2).

3. Sherman has 30 days from the date of this Order in which to reopen this case by paying the $405.00 filing fee in full, accompanied by a written filing that includes the case number and a request to reopen this case.

4. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order or the accompanying Judgment would not be taken in good faith.

So ordered this day of 22nd day of December, 2025.

_____
Kristine G. Baker
Chief United States District Judge